■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARR, Appellant. [703 NYS2d 846] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [3]) and one count of robbery in the first degree (Penal Law § 160.15 [1]). We reject the contention of defendant that Supreme Court erred in denying his motion for recusal. The record does not establish any bias or prejudice on the part of the court (*see, People*

*v Brunner,* 182 AD2d 1123, *lv denied* 80 NY2d 828). Contrary to the contention of defendant, his previous burglary conviction did not preclude on statutory double jeopardy grounds the subsequent prosecution for felony murder based on burglary. "The offenses as defined have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other" (CPL 40.20 [2] [a]). Nor was the subsequent prosecution precluded on constitutional double jeopardy grounds (*see, People ex rel. Di Lapo v Tutuska,* 27 Misc 2d 544, *affd* 11 AD2d 906, *affd on opn at Special Term* 9 NY2d 910, *mot to clarify granted* 10 NY2d 828; *People v Murray,* 92 AD2d 617, citing *People v Berzups,* 49 NY2d 417, 427).

By consenting to the use of the Grand Jury minutes at trial, defendant waived his present contention that the court erred in admitting in evidence portions of his Grand Jury testimony. He failed to preserve for our review his contention that the prosecutor's comments to the jury concerning that testimony were improper. In any event, the prosecutor's comments did not exceed the bounds of legitimate advocacy (*cf., People v Bonilla,* 170 AD2d 945, *lv denied* 77 NY2d 904) nor could they " 'reasonably be interpreted by the jury as adverse comment on defendant's failure to take the stand' " (*People v Tascarella,* 227 AD2d 888, *lv denied* 89 NY2d 867). The verdict is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Balio, JJ.