■ In the Matter of NICOLAS J. PERRY et al., Appellants, v CITY OF LOCKPORT, Respondent, and NORTH PARK MIDDLE SCHOOL et al., Respondents. [735 NYS2d 445] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Notice of Claim.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH A. PASSET, Appellant. [735 NYS2d 308] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, upon a plea of guilty, of two counts of assault in the second degree (Penal Law § 120.05 [3], [9]), defendant contends that County Court erred in imposing consecutive determinate terms of imprisonment of six years on each assault count. We disagree. "The imposition of consecutive sentences was not illegal since each assault was a separate and distinct act" (*People v Harmon,* 264 AD2d 941, 942), nor did the first assault constitute a material element of the second assault(*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 643). Contrary to defendant's contention, Penal Law § 70.25 (3) is inapplicable because it concerns definite rather than determinate sentences of imprisonment (*see, People v Acevedo,* 258 AD2d 140, 142, *lv denied* 94 NY2d 819). The knowing, intelligent and voluntary waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see, People v Hidalgo,* 91 NY2d 733, 736-737). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.