█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMIE LYNN CRANE, Appellant. [740 NYS2d 916] —Appeal from a judgment of Orleans County Court (Punch, J.), entered January 10, 1996, convicting defendant upon her plea of guilty of, inter alia, manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of manslaughter in the second degree (Penal Law § 125.15 [1]) and two counts of reckless endangerment in the first degree (§ 120.25). We note at the outset that, although a waiver of the right to appeal was initially mentioned during a discussion of the elements of the plea agreement, County Court failed to elicit the waiver from defendant during the plea colloquy. Thus, defendant did not waive her right to appeal.

Defendant contends that the court erred in refusing to recuse itself. We disagree. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal * * * [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno,* 70 NY2d 403, 405-406; *see also People v Whitfield,* 275 AD2d 1034, *lv denied* 95 NY2d 971). Defendant contends that the court should have recused itself because it was biased, as evidenced by its initial reluctance to accept defendant's guilty plea. The entry of the guilty plea required the permission of the court (*see* CPL 220.10 [4]), and the record does not disclose any bias or prejudice on the part of the court. Thus, the court did not err in refusing to recuse itself (*see People v Carr,* 267 AD2d 1062, 1062-1063, *lv denied* 95 NY2d 833).

Defendant further contends that the court erred in sentencing her to consecutive terms of incarceration. In pleading guilty, however, defendant agreed to a potential sentence of consecutive terms of incarceration. In any event, the court properly imposed consecutive sentences because each act of reckless endangerment was a separate and distinct act, and the acts of reckless endangerment were not material elements

of the crime of manslaughter (*see People v Passet*, 289 AD2d 1005). Finally, the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.