■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE W. STOKES, Appellant. [796 NYS2d 832]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 19, 2003. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree

(Penal Law § 125.20 [1]). Defendant was sentenced to a determinate term of imprisonment of 20 years and a five-year period of postrelease supervision. We reject the contention of defendant that he was denied a fair trial based on prosecutorial misconduct. It cannot be said that the prosecutor's conduct " 'caused such substantial prejudice to the defendant that he [was] denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]). We further conclude that defendant was afforded meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 711-712 [1998]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel made relevant motions, cross-examined witnesses and ably presented a justification defense, which ultimately was rejected by the jury. We note, however, that "[i]n reviewing claims of ineffective assistance care must be taken to 'avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis' " (*Satterfield*, 66 NY2d at 798). Also contrary to defendant's contention, County Court properly charged the jury that it should evaluate defendant's actions in the light of what a "reasonable person in the defendant's position, knowing what the defendant knew and being in the same circumstances, would have believed" (*see People v Wesley*, 76 NY2d 555, 559 [1990]; *People v Goetz*, 68 NY2d 96, 114 [1986]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe.

We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.