■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN J. BIBEAU, Appellant. [801 NYS2d 428]—

Carpinello, J. Appeal from a judgment of the County Court of

Clinton County (Ryan, J.), rendered October 1, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

In satisfaction of a four-count indictment, defendant pleaded guilty in February 2004 to one count of felony driving while intoxicated. Under the terms of the plea agreement, he was sentenced to five years' probation. In August 2004, he was charged with violating numerous conditions of his probation by, among other things, consuming alcohol and marihuana, and attempting to contact his estranged wife in violation of an order of protection. Following a hearing at which various witnesses testified, County Court concluded that defendant had, in fact, violated five of the conditions of his probation and, as a result, sentenced him to 1 to 3 years in prison. Defendant now appeals.

Defendant's sole contention is that the County Court judge who presided over his violation hearing was biased and, therefore, should have recused himself. Initially, we note that none of the statutory grounds mandating recusal, which are set forth in Judiciary Law § 14, are applicable here. In such case, the " 'trial judge is the sole arbiter of recusal and his or her decision in that regard will not be overturned absent an abuse of discretion' " (*People v Saunders*, 301 AD2d 869, 871 [2003], *lv denied* 100 NY2d 542 [2003], quoting *Matter of Stampfler v Snow*, 290 AD2d 595, 596 [2002]; *see People v Crane*, 294 AD2d 867 [2002], *lv denied* 98 NY2d 767 [2002]). Defendant's claim of bias is premised upon County Court's denial of his request to reduce bail, its purported displeasure with defendant's outpatient substance abuse treatment, a claimed reference to the imposition of a prison term if a violation were found and its comments regarding defendant's relapse. Upon reviewing the record, we find that none of these claimed improprieties is indicative of bias. The $15,000 bail amount, the same as the amount originally established at the initial arraignment, was reasonable under the circumstances. The record does not reveal that County Court expressed its dissatisfaction with defendant's substance abuse treatment plan nor made inappropriate remarks concerning his relapse. Inasmuch as a probation violation would normally result in probation revocation and the imposition of a term of imprisonment, County Court's alleged reference to this fact was not prejudicial. Accordingly, we conclude that County Court did not abuse its discretion in denying defendant's request for recusal and the judgment must be affirmed.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.