THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN MC CLARY, Appellant. [802 NYS2d 825]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered August 10, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts), robbery in the first degree (three counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of assault in the first degree (Penal Law § 120.10 [3], [4]), three counts of robbery in the first degree (§ 160.15 [1], [2], [4]), and one count of criminal possession of a weapon in the second degree (§ 265.03 [2]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of depraved indifference assault (*see People v Morrison*, 17 AD3d 272 [2005]; *see generally People v Sanchez*, 98 NY2d 373 [2002]). Defendant's further contention regarding the legal sufficiency of the evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury credited the testimony of the victim that defendant was the person who shot him, and "[g]reat deference is accorded to the jury's resolution of credibility issues" (*People v McKinnon*, 15 AD3d 842, 842 [2005], *lv denied* 4 NY3d 888 [2005]). Supreme Court did not abuse its discretion in allowing a police officer to testify that the victim named defendant as the shooter based on the excited utterance exception to the hearsay rule (*see People v Edwards*, 47 NY2d 493, 496-497 [1979]). The victim made the statement within minutes after the shooting, while he was lying on the ground, bleeding and in pain, and while he remained under "the stress of excitement caused by an external event" (*People v Johnson*, 1 NY3d 302, 306 [2003]). Finally, the sentence is not unduly harsh or severe. Present—Kehoe, J.P., Gorski, Martoche, Smith and Hayes, JJ.