■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALOGERO BUTERA, Appellant. [803 NYS2d 856]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered May 16, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he met his burden of establishing the affirmative defense of extreme emotional disturbance by a preponderance of the evidence (*see generally People v Roche*, 98 NY2d 70, 75 [2002]), and thus that his conviction of murder should be reduced to manslaughter in the first degree. We reject that contention. It is undisputed that defendant had been diagnosed with a delusional disorder, paranoid type, and he testified at trial that he believed that the victim was a threat to him and to his family. Although defendant thereby arguably established that his conduct was influenced by an extreme emotional disturbance, we nevertheless conclude that the jury was entitled to find that defendant failed to establish by a preponderance of the evidence that the "emotional disturbance was supported by a reasonable explanation or excuse" (*id.* at 76). According to the evidence presented at trial, the victim was dating defendant's estranged wife, and it is undisputed that there had been a prior physical altercation between the two men. Furthermore, moments before the shooting, the victim had sworn at defendant and had flicked a cigarette at him. Thus, the jury was entitled to find that defendant killed the victim as a result of "malevolence rather than an under-

standable human response deserving of mercy" (*People v Casassa*, 49 NY2d 668, 680-681 [1980], *cert denied* 449 US 842 [1980]).

We reject the further contention of defendant that the People failed to meet their burden of disproving his justification defense. Defendant testified at trial that the victim approached him and that he observed the outline of a gun in the victim's pocket. According to defendant's trial testimony, the victim threatened to use the gun and defendant therefore shot the victim in self-defense. The record establishes, however, that no gun was found on the victim's person or in proximity to the victim. In evaluating a justification defense, a jury must determine whether the defendant "*actually believed* that deadly force was necessary . . . [and must] assess the reasonableness of defendant's belief that he was in deadly peril by judging the situation from the point of view of defendant as though [the jury was] actually in his place" (*People v Wesley*, 76 NY2d 555, 559-560 [1990]; *see People v Goetz*, 68 NY2d 96, 114-115 [1986]; *see generally People v Stokes*, 19 AD3d 1069 [2005], *lv denied* 5 NY3d 795 [2005]). Even assuming, arguendo, that the jury found that defendant believed that deadly force was necessary, we conclude that the jury was entitled to find that defendant's belief was not reasonable. We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's further contention that Supreme Court erred in admitting an autopsy photograph in evidence. The photograph depicted the victim's face, including the gunshot wound to the victim's left eye. The photograph thus was probative of the calculated manner of the shooting and therefore was admissible for the purpose of rebutting the affirmative defense of extreme emotional disturbance and disproving the defense of justification (*see generally People v Wood*, 79 NY2d 958, 960 [1992]; *People v Stevens*, 76 NY2d 833, 835-836 [1990]). Contrary to defendant's contention, the fact that the original autopsy photograph is not included in the record on appeal does not require reversal. Although we agree with defendant that the photograph has " 'substantial importance' " with respect to his contention that the photograph was unduly prejudicial (*People v Yavru-Sakuk*, 98 NY2d 56, 60 [2002]), the record on appeal contains a black-and-white photocopy of the photograph, and we conclude that the loss of the original color photograph does not "preclude[ ] meaningful appellate review" (*id.*; *see People v Jackson*, 98 NY2d 555, 560 [2002]). Even assuming, arguendo, that defendant's contentions in the pro se supplemental brief

are preserved for our review, we conclude that they are without merit. The sentence is not unduly harsh or severe. Present— Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.