■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA L. DILLON, Appellant. [834 NYS2d 890]—

Appeal from a judgment of the Yates County Court (Dennis F. Bender, J.), rendered November 10, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the fourth degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count of criminal sale of a controlled substance in the third degree to an indeterminate term of incarceration of 4 to 12 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and four counts of criminal sale of a controlled substance in the fourth degree (§ 220.34 [1]). Contrary to the contention of defendant, she was not denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review her further contention that she was denied a fair trial based on prosecutorial misconduct on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, we conclude that County Court did not err in refusing to suppress a book concerning prescription drugs found in

defendant's automobile when it was impounded and its contents were inventoried. The record establishes that there was a sufficient basis to conclude that defendant's automobile was used in the commission of a crime (*see People v White*, 262 AD2d 122 [1999], *lv denied* 93 NY2d 1029 [1999]).

We agree with defendant, however, that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence imposed on each count of criminal sale of a controlled substance in the third degree to an indeterminate term of incarceration of 4 to 12 years. Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.