THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO BLACK, Appellant. [832 NYS2d 375]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered September 14, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of rape in the first degree and dismissing count one of the indictment without prejudice to the People to re-present any appropriate charges under that count of the indictment to another grand jury and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and criminal sexual act in the first degree (§ 130.50 [1]). We agree with defendant that the judgment must be modified by reversing that part convicting him of rape because he was indicted on a single count of rape and the People presented evidence at trial establishing two distinct acts of sexual intercourse between defendant and the victim. Although defendant failed to preserve his contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Bracewell, 34 AD3d 1197, 1198 [2006]). The first count of the indictment charged defendant with rape in the first degree, "in that he . . . on or about the 5th day of April, 2004 . . . engaged in sexual intercourse with [the victim], by forcible compulsion." However, according to the testimony of the victim at trial, there were two separate acts of sexual intercourse. Although the two acts apparently were separated by only a brief period of time, they cannot be considered "part and parcel of the [same] continuous conduct culminating in [a single] rape" (People v Grant, 108 AD2d 823, 823 [1985]), because "each act of intercourse is a separate and distinct offense" (People v Pries, 81 AD2d 1039, 1039-1040 [1981]; see People v Jiminez, 239 AD2d 360 [1997], lv denied 90 NY2d 906 [1997]). " 'Reversal [and dismissal of that count] is required because the jury may have convicted defendant of an unindicted rape, resulting in the usurpation by the prosecutor of the exclusive power of the [g]rand [j]ury to determine the charges' " (People v Comfort, 31 AD3d 1110, 1111 [2006], lv denied 7 NY3d 847 [2006], quoting People v McNab,

167 AD2d 858, 858 [1990]; *see People v Grega*, 72 NY2d 489, 495-496 [1988]). We therefore modify the judgment by reversing that part convicting defendant of rape in the first degree and dismissing count one of the indictment without prejudice to the People to re-present any appropriate charges under that count of the indictment to another grand jury (*see Bracewell*, 34 AD3d at 1199; *People v Dathan*, 27 AD3d 575 [2006], *lv denied* 7 NY3d 787 [2006]; *People v Levandowski*, 8 AD3d 898, 899-900 [2004]).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence. The testimony of the victim was not so inconsistent or unbelievable as to render it incredible as a matter of law (*see People v Shedrick*, 104 AD2d 263, 274 [1984], *affd* 66 NY2d 1015 [1985], *rearg denied* 67 NY2d 758 [1986]; *People v Baker*, 30 AD3d 1102 [2006], *lv denied* 7 NY3d 846 [2006]; *People v Drake*, 247 AD2d 855, 855-856 [1998], *lv denied* 92 NY2d 851 [1998]), and there is no basis on the record before us to disturb the jury's resolution of credibility issues (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We also reject defendant's contention that County Court erred in refusing to charge the complete definition of forcible compulsion set forth in Penal Law § 130.00 (8). The court properly "tailored its [charge] to the case before it" (*People v Grega*, 72 NY2d 489, 497 [1988]), and the court omitted the portion of the definition set forth in Penal Law § 130.00 (8) (b) concerning threats that place a person in fear of immediate death or physical injury because there was no evidence that defendant had threatened the victim. Defendant failed to preserve for our review his further contention that the court erred in failing to include the definition of "intentionally" in its instructions to the jury. In any event, any alleged error in the court's failure to so instruct the jury is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant also failed to preserve for our review his contention that his right of confrontation was violated when the victim testified concerning hearsay statements made by her neighbor (*see* CPL 470.05 [2]; *People v Wegman*, 2 AD3d 1333 [2003], *lv denied* 2 NY3d 747 [2004]). Moreover, defendant waived that contention when he elicited the same hearsay statements of the neighbor in cross-examining the victim (*see generally People v Carr*, 267 AD2d 1062, 1063 [1999], *lv denied* 95 NY2d 833 [2000]; *People v Santos-Sosa*, 233 AD2d 833 [1996], *lv denied* 89 NY2d 988 [1997]). We further conclude that the court did not err in failing to give defendant notice of a note from the jury asking to review the medical records and in failing to afford defendant an opportunity to respond to that note. We note that

defense counsel and the prosecutor had previously agreed to allow the jury to examine those records and, in any event, the jury's note did not constitute a request for substantive information implicating defendant's right to notice of the request (*see People v Damiano*, 87 NY2d 477, 487 [1996]; *People v Green*, 37 AD3d 1131 [2007]). Defendant failed to preserve for our review his further contention that he was deprived of a fair trial as a result of prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Caleb*, 273 AD2d 881 [2000], *lv denied* 95 NY2d 864 [2000]). In any event, the comments, considered in context, were not so egregious or improper as to deny defendant a fair trial (*see People v Hopkins*, 58 NY2d 1079, 1083 [1983]; *People v Spirles*, 275 AD2d 980, 982 [2000], *lv denied* 96 NY2d 807 [2001]; *People v Tobias*, 273 AD2d 925, 926 [2000], *lv denied* 95 NY2d 908 [2000]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on various instances of judicial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Lunn, Peradotto and Green, JJ.