■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEMARY DAVIS, Appellant. [835 NYS2d 784]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 11, 2005. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) arising from the death of the 22-month-old victim, defendant's foster child. The victim had sustained severe burns, and defendant failed to obtain medical treatment for the victim when the burns became infected, resulting in the victim's death. We reject defendant's contention that County Court erred in admitting autopsy photographs of the victim in

evidence. "The general rule is . . . [that] photographs are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.' They should be excluded 'only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood*, 79 NY2d 958, 960 [1992]; *see People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). Here, the photographs were probative of the serious nature of the injuries sustained by the victim and the fact that her wounds were visibly infected, and they established that the victim required immediate medical care. The photographs thus were admissible to establish defendant's awareness of the risk that the victim would die without prompt medical care. Contrary to the further contention of defendant, "[t]he People were not bound to rely entirely on the testimony of the medical expert to prove this point and the photographs were admissible to elucidate and corroborate that testimony" (*People v Stevens*, 76 NY2d 833, 836 [1990]).

Contrary to defendant's further contentions, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe.

Finally, we note that the record of conviction incorrectly reflects that defendant was convicted of manslaughter in the second degree under Penal Law § 125.10 (1), and it must therefore be amended to reflect that she was convicted under Penal Law § 125.15 (1) (*see People v Saxton*, 32 AD3d 1286 [2006]; *People v Benson*, 265 AD2d 814, 816 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]). Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.