■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS GREEN, Appellant. [843 NYS2d 883]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered August 30, 2000. The judgment

convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, burglary in the first degree (two counts), and attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), attempted murder in the second degree (§§ 110.00, 125.25 [1] [intentional murder]), attempted robbery in the first degree (§§ 110.00, 160.15 [1]), and two counts of burglary in the first degree (§ 140.30 [1], [2]). In his statement to the police, defendant admitted that he and two others planned to rob a "crack house" and that, during the course of that attempted robbery, he shot and killed the woman who answered the door and injured one of his accomplices by shooting him in the face. The injured accomplice ran from the scene of the crime to his sister's home, which was located on the same street as the crack house, and the accomplice told both his niece and a police officer who responded to his sister's house that "Cornelius" shot him. The People were unable to locate the accomplice to serve him with a material witness order, and the accomplice therefore did not testify at trial.

Contrary to defendant's contention, County Court properly admitted the testimony of the accomplice's niece and the police officer with respect to the out-of-court declarations of the accomplice. Those declarations were admissible under the excited utterance exception to the hearsay rule (*see People v McClary*, 21 AD3d 1427 [2005], *lv denied* 5 NY3d 884 [2005]; *see generally People v Johnson*, 1 NY3d 302, 305-306 [2003]). Defendant failed to preserve for our review his contention that the testimony of those witnesses violated his constitutional right of confrontation (*see* CPL 470.05 [2]; *see generally* US Const Sixth Amend). In any event, we conclude that the statements of the accomplice to the police officer were made during a police and medical emergency and thus do not constitute testimony within the meaning of the Confrontation Clause (*see People v Nieves-Andino*, 9 NY3d 12, 14-15 [2007]; *People v Bradley*, 8 NY3d 124, 127-128 [2006]). Although we agree with defendant that the statement of the accomplice to his niece that "Cornelius" shot him constitutes testimony within the meaning of the Confrontation Clause, we conclude that the court's error in admitting that testimony is harmless beyond a reasonable doubt. The remaining evidence of guilt is overwhelming and, in any event, the testimony of the police officer with respect to that same

statement was properly admitted. We thus conclude that "there is no reasonable possibility that the error affected the jury's verdict" (*People v Douglas*, 4 NY3d 777, 779 [2005]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

By failing to request a jury instruction on corroboration, defendant failed to preserve for our review his contention that the court erred in failing to instruct the jury with respect to the corroboration requirements applicable to the declarations of the accomplice and defendant's statement to the police (*see* CPL 60.22 [1]; 60.50; *People v Scott*, 262 AD2d 1021 [1999], *lv denied* 93 NY2d 1027 [1999]). In any event, although we agree with defendant that the court erred in failing to instruct the jury with respect to the corroboration of his own statement, the record establishes that there is the requisite corroborative evidence that the crimes of which he was convicted were committed (*see People v Chico*, 90 NY2d 585, 589-590 [1997]), and thus reversal on that ground is not required (*see People v Rutledge*, 286 AD2d 962 [2001], *lv denied* 97 NY2d 687 [2001]). Inasmuch as defendant's accomplice did not testify, we conclude that CPL 60.22 (1) is inapplicable (*see People v Tran*, 178 AD2d 247 [1991], *revd on other grounds* 80 NY2d 170 [1992], *rearg denied* 81 NY2d 784 [1993]).

Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's detailed statement to the police supporting the elements of each crime is corroborated by evidence that those crimes were committed (*see Chico*, 90 NY2d at 589-590). Further, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We reject defendant's contention that the court committed reversible error in admitting the testimony of two police investigators with respect to defendant's statement. The determination whether evidence is material and relevant and is not unduly prejudicial is left to the sound discretion of the trial court (*see generally People v Davis*, 43 NY2d 17, 27 [1977], *cert denied* 435 US 998 [1978], *rearg dismissed* 61 NY2d 670 [1983]), and we conclude that the court did not abuse its discretion in admitting that testimony.

Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct during summation (*see People v Dillon*, 38 AD3d 1211 [2007]). In any event, we conclude that the prosecutor's remark with respect to the failure of the accomplice to testify was fair comment on the defense summation, which emphasized the failure of the accomplice to testify, and we reject defendant's conten-

tion that the prosecutor's remarks on summation suggested that the accomplice failed to testify because defendant had intimidated him. Finally, we reject the contention of defendant that he was denied effective assistance of counsel. Rather, the record establishes that, on the whole, "defense counsel represented his client diligently and vigorously" (*People v Flores*, 84 NY2d 184, 189 [1994]). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.