██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA DEJESUS, Appellant. [847 NYS2d 191]—

Judgment, Supreme Court, New York County (Bonnie G.

Wittner, J.), rendered February 23, 2006, convicting defendant, after a jury trial, of murder in the first degree (three counts), murder in the second degree and conspiracy in the second degree, and sentencing her to an aggregate term of life without parole, unanimously affirmed.

Defendant was convicted of hiring other persons to kill her husband's ex-wife. In carrying out the planned murder, the other persons, acting on their own accord, deliberately killed a second person who happened to be present in the intended victim's apartment. With respect to the latter killing, defendant did not preserve her challenge to her conviction of first-degree murder under a murder-for-hire theory (Penal Law § 125.27 [1] [a] [vi]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that she was properly convicted under that theory (*People v Powell*, 304 AD2d 410, 411 [2003], *lv denied* 1 NY3d 578 [2003] [transferred intent theory applied where the wrong person was killed in a murder-for-hire scheme]).

There was overwhelming evidence supporting that count, as well as the remaining counts, and there is no merit to defendant's claim that the verdict was against the weight of the evidence. The accomplice testimony was thoroughly corroborated by a lengthy chain of additional evidence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant's argument that the prosecutor acted as an unsworn witness is without merit, and that any error under CPL 60.35 with respect to the prosecution's impeachment of one of its own witnesses was harmless. Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.