■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY L. WALKER, Appellant. [856 NYS2d 775]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered August 7, 2006. The judgment convicted defendant upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), defendant contends that the evidence is legally insufficient to support the conviction because the testimony of the accomplice was neither credible nor sufficiently corroborated. Defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Moses*, 23 AD3d 283 [2005], *lv denied* 6 NY3d 815 [2006]; *People v Parsons*, 275 AD2d 933, 934 [2000], *lv denied* 95 NY2d 937 [2000], *cert denied* 532 US 998 [2001]) and, in any event, it is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The testimony of the accomplice that defendant

asked her to hold cocaine for him and that she placed the cocaine in her bra was not incredible as a matter of law (*see People v Donaldson*, 35 AD3d 1242 [2006], *lv denied* 8 NY3d 984 [2007]; *People v Olivero*, 289 AD2d 1082 [2001], *lv denied* 98 NY2d 639 [2002]). The testimony of the accomplice was sufficiently corroborated by evidence that defendant asked his sister to hold a large sum of money for him when the police pulled over the vehicle driven by defendant's sister in which defendant and the accomplice were passengers. In addition, it was corroborated by evidence that, when asked by the police to identify himself, defendant gave his cousin's name. That nonaccomplice evidence tended to connect defendant to the crimes charged (*see* CPL 60.22 [1]; *People v Patchen*, 46 AD3d 1112, 1113 [2007]; *see generally People v Besser*, 96 NY2d 136, 143-144 [2001]; *People v Breland*, 83 NY2d 286, 292-293 [1994]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant in his pro se supplemental brief, County Court did not abuse its discretion in declining to address his pro se motions (*see People v Rodriguez*, 95 NY2d 497, 502-503 [2000]; *People v Lockett*, 1 AD3d 932, 933 [2003], *lv denied* 1 NY3d 630 [2004]). Defendant failed to preserve for our review the contention in his main brief that he was denied a fair trial based on a remark made by the prosecutor during summation (*see People v Dillon*, 38 AD3d 1211 [2007]; *People v Black*, 38 AD3d 1283, 1286 [2007], *lv denied* 8 NY3d 982 [2007]), and he also failed to preserve for our review the contention in his pro se supplemental brief that the prosecutor engaged in misconduct during the grand jury proceeding (*see* CPL 470.05 [2]). In any event, those contentions are without merit. The prosecutor's isolated remark during summation was not so egregious or improper as to deny defendant a fair trial (*see People v Dexter*, 259 AD2d 952, 954 [1999], *affd* 94 NY2d 847 [1999]; *Black*, 38 AD3d at 1286), and none of the prosecutor's allegedly improper actions during the grand jury proceeding rendered the indictment defective (*see People v Huston*, 88 NY2d 400, 408-409 [1996]).

Finally, we reject the contention of defendant in both his main brief and pro se supplemental brief that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the contention of defendant in his main brief, defense counsel's failure to object to the prosecutor's allegedly improper remark during summation did not amount to ineffective assistance of counsel (*see People v Gonzalez*, 44 AD3d 790 [2007], *lv denied* 9 NY3d 1006 [2007]).

With respect to the alleged errors of defense counsel set forth in defendant's pro se supplemental brief, we conclude that any error by former defense counsel in turning a letter over to the People at the grand jury proceeding did not prejudice defendant because the court precluded the People from introducing that letter in evidence at trial (*see generally People v Jackson*, 21 AD3d 1355, 1356 [2005], *lv denied* 6 NY3d 777, 7 NY3d 757 [2006]). We further conclude that defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to request a probable cause hearing (*People v Rivera*, 71 NY2d 705, 709 [1988]), and the failure of defense counsel to request an accomplice charge with respect to defendant's sister (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Thomas*, 33 AD3d 1053, 1055 [2006], *lv denied* 8 NY3d 885 [2007]). The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally Baldi*, 54 NY2d at 147). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.