▬ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA N. BLACK, Appellant. [864 NYS2d 228]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 19, 2006. The judgment convicted defendant, after a jury trial, of assault in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of assault in the second degree (Penal

Law § 120.05 [2]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court abused its discretion in admitting photographs portraying the victim's injuries (*see generally People v Stevens,* 76 NY2d 833, 835 [1990]). "The general rule is that photographs of the [victim's injuries] are admissible if[, inter alia,] they . . . illustrate or elucidate other relevant evidence" (*People v Pobliner,* 32 NY2d 356, 369 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]) and, here, the photographs were probative with respect to the physical injury element of assault in the second degree (*see generally People v Davis,* 39 AD3d 1241, 1242 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Butera,* 23 AD3d 1066, 1068 [2005], *lv denied* 3 NY3d 774, 832). Contrary to defendant's further contention, the court's *Sandoval* ruling, pursuant to which the court limited questioning on the two convictions at issue to whether defendant had been convicted of a felony or misdemeanor on specified dates, did not constitute an abuse of discretion (*see generally People v Hayes,* 97 NY2d 203, 207-208 [2002]; *People v Walker,* 83 NY2d 455, 458-460 [1994]).

Defendant further contends that she was penalized for exercising her right to trial based on the fact that she received a greater sentence after trial than was offered prior to trial. We reject that contention (*see People v Alexander,* 51 AD3d 1380, 1384 [2008]; *People v Taplin,* 1 AD3d 1044, 1046 [2003], *lv denied* 1 NY3d 635 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.