■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG M. LYNCH, Appellant. [875 NYS2d 730]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 7, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, manslaughter in the first degree and burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [3]), manslaughter in the first degree (§ 125.20) and burglary in the second degree (§ 140.25 [2]). We reject the contention of defendant that County Court erred in refusing to suppress both his statements to the police and physical evidence recovered by the police after those statements were made. Based on the record of the suppression hearing, it cannot be said that the court erred in concluding as a matter of law that the questioning and detention of defendant by officers of the New York State Division of Parole (DOP) was in furtherance of parole purposes and related to their duties as parole officers (see People v Johnson, 63 NY2d 888, 890 [1984], rearg denied 64 NY2d 647 [1984]; cf. People v Huntley, 43 NY2d 175, 181-182 [1977]). Likewise, the arrest and detention of defendant in the absence of a parole violation warrant, although in violation of Executive Law § 259-i (3) (a) (i), does not require suppression of the statements made and evidence recovered as a result of defendant's detention by the DOP. The technical violation of the Executive Law did not infringe upon defendant's constitutional right to be free from unreasonable searches and seizures, and thus the application of the exclusionary rule is not warranted under these circumstances (see People v Lopez, 288 AD2d 70, 71 [2001], lv denied 97 NY2d 706 [2002]; People v Dyla, 142 AD2d 423, 439-442 [1988], lv denied 74 NY2d 808 [1989]; see generally People v Rodriguez, 270 AD2d 956 [2000], lv denied 95 NY2d 870 [2000]).

We reject the further contention of defendant that he was deprived of his right to a fair trial by prosecutorial misconduct. The prosecutor's description of the defense theory as "outrageous" was within the wide rhetorical bounds afforded the prosecutor (see generally People v Ashwal, 39 NY2d 105, 109-

110 [1976]). In addition, defendant was not denied a fair trial when the prosecutor made an isolated comment that in effect insulted and denigrated defense counsel by referring to the belief of defense counsel that he could convince the jury that the victim was unintentionally killed (*see generally People v Walker*, 234 AD2d 962, 963 [1996], *lv denied* 89 NY2d 1042 [1997]). The record does not support defendant's contention that the prosecutor acted as an unsworn witness (*see generally People v DeJesus*, 46 AD3d 325 [2007], *lv denied* 10 NY3d 763 [2008]), and defendant failed to preserve for our review his further contention that the prosecutor improperly shifted the burden of proof to defendant (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's contention, the court properly admitted in evidence photographs of the victim's body. Photographs "should be excluded 'only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood*, 79 NY2d 958, 960 [1992]; *see People v Davis*, 39 AD3d 1241, 1242 [2007], *lv denied* 9 NY3d 864 [2007]). Here, the photographs were probative of the serious nature of the injuries sustained by the victim and were thus admissible to establish that defendant intentionally killed the victim (*see generally Davis*, 39 AD3d at 1242).

We further reject the contention of defendant that the court abused its broad discretion with respect to evidentiary rulings by refusing to allow him to present the testimony of the Buffalo Police Commissioner and by allowing the People to present DNA evidence (*see generally People v Aska*, 91 NY2d 979, 981 [1998]). We agree with defendant that the court erred in determining that it lacked the discretion to comply with the jury's request for a readback of defense counsel's summation (*see* CPL 310.30). Nevertheless, reversal based on that error is not required because " '[t]he test is whether the failure to respond [to the jury's request] seriously prejudiced the defendant' " (*People v Lourido*, 70 NY2d 428, 435 [1987]), and here there was no such prejudice.

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Gorski, JJ.