# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**464**

**KA 11-00773**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HAROLD HALL, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LAURIE M. BECKERINK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered October 4, 2010. The judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree, assault in the second degree and aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, kidnapping in the first degree (Penal Law § 135.25 [2] [a] [intent to inflict physical injury]) and assault in the second degree (§ 120.05 [2]). Contrary to defendant's contention, County Court properly refused to suppress the statements that he made to the Sheriff's Deputy who transported him back to New York after he was apprehended in Ohio. The court properly determined that those statements were admissible because they were not " 'provoked, induced [or] encouraged by police conduct or interrogation' . . . , but were made voluntarily and spontaneously in the course of a dialogue initiated and continued by defendant" (*People v Johnson*, 277 AD2d 702, 706, *lv denied* 96 NY2d 831; *see generally People v Gonzales*, 75 NY2d 938, 939, *cert denied* 498 US 833).

Defendant failed to object to the stenographer's alleged failure to transcribe the proceedings during brief pauses in the jury selection process, and thus he failed to preserve for our review his contention that he was improperly absent from the courtroom during those pauses (*see People v Vasquez*, 89 NY2d 521, 534, *cert denied sub nom. Cordero v Lalor*, 522 US 846; *People v Jacobs*, 298 AD2d 954, 955, *lv denied* 99 NY2d 559). In any event, the record establishes that defendant was in fact in the courtroom during the brief pauses.

Contrary to defendant's further contention, the court did not

abuse its discretion in admitting in evidence photographs portraying the victim's injuries (*see generally People v Stevens*, 76 NY2d 833, 835). "The general rule is that photographs of the [victim's injuries] are admissible if[, inter alia,] they tend . . . to illustrate or elucidate other relevant evidence" (*People v Pobliner*, 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905) and, here, the photographs were probative with respect to, among other things, the physical injury element of assault in the second degree (*see generally People v Davis*, 39 AD3d 1241, 1242, *lv denied* 9 NY3d 864; *People v Butera*, 23 AD3d 1066, 1068, *lv denied* 6 NY3d 774, 832).

Defendant's general motion for a trial order of dismissal is insufficient to preserve for our review his contention that the verdict is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's contention that he was denied effective assistance of counsel based on the failure of defense counsel to object to the alleged inadequacy of the presentence report "is raised for the first time in his reply brief and therefore is not properly before us" (*People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929). In any event, that contention is without merit inasmuch as "defendant had every opportunity to advise County Court of any mitigating factors during sentencing" (*People v Singh*, 16 AD3d 974, 978, *lv denied* 5 NY3d 769). In addition, with respect to the remaining grounds raised in support of defendant's contention that he was denied effective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that he was denied a fair trial based on two remarks made by the prosecutor during summation (*see People v Dillon*, 38 AD3d 1211, 1211; *People v Black*, 38 AD3d 1283, 1286, *lv denied* 8 NY3d 982). In any event, that contention is without merit. The two isolated remarks did not exceed the "broad bounds of rhetorical comment" permitted on summation (*People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975 [internal quotation marks omitted]; *see People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854). Furthermore, the remarks were not so egregious or improper as to deny defendant a fair trial (*see People v Dexter*, 259 AD2d 952, 954, *affd* 94 NY2d 847; *Black*, 38 AD3d at 1286).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and we conclude that they are

without merit.

Frances E. Cafarell
Clerk of the Court