# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**932**

**KA 12-01745**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANDREW J. HAMPTON, DEFENDANT-APPELLANT.

---

DAVID A. MURANTE, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered October 11, 2011.  The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and gang assault in the first degree (§ 120.07).  Defendant failed to preserve for our review his contention that Supreme Court erred in failing to give an accomplice in fact instruction to the jury with respect to two prosecution witnesses (*see People v Green*, 43 AD3d 1279, 1281, *lv denied* 9 NY3d 1034; *People v Navares*, 162 AD2d 422, 424, *lv denied* 76 NY2d 942).  In any event, the record contains ample corroborative evidence that the crimes of which he was convicted were committed, and thus the statutory corroboration requirement was met (*see People v Chico*, 90 NY2d 585, 589-590; *Green,* 43 AD3d at 1281; *People v Rutledge*, 286 AD2d 962, 962, *lv denied* 97 NY2d 687).  Defendant failed to preserve for our review his further contention that the court erred in admitting the testimony of certain prosecution witnesses on the ground that it improperly bolstered the testimony of two other prosecution witnesses (*see People v West*, 56 NY2d 662, 663; *see also People v Comerford*, 70 AD3d 1305, 1306).  In any event, the challenged testimony did not constitute improper bolstering, inasmuch as it consisted of the chronological, historical recitation of the fact that prior statements were made by certain witnesses without reference to the substance of those statements (*see People v Smith*, 22 NY3d 462, 465-466).  Even assuming, arguendo, that the challenged testimony may have given the jury an "exaggerated idea of the probative force of [the People's] case" (*id.* at 466), we conclude that any error in its admission is harmless (*see People v*

*McNeill*, 107 AD3d 1430, 1431, *lv denied* 22 NY3d 957; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). We note that defendant was acquitted of the most serious crime charged in the indictment (*see People v Ott*, 30 AD3d 1081, 1081). Defendant's sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: October 3, 2014

Frances E. Cafarell
Clerk of the Court