People v Hazzard (2019 NY Slip Op 04841)





People v Hazzard


2019 NY Slip Op 04841


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


602 KA 17-00891

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KURT HAZZARD, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






JOHN J. RASPANTE, UTICA, FOR DEFENDANT-APPELLANT. 
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Lewis County Court (Daniel R. King, J.), rendered December 2, 2016. Defendant was resentenced upon his conviction of course of sexual conduct against a child in the first degree and incest in the third degree (two counts). 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and, in appeal No. 1, he appeals from the resentence on that conviction. We note that, inasmuch as the sentence in appeal No. 2 was superseded by the resentence in appeal No. 1, the appeal from the judgment in appeal No. 2 insofar as it imposed sentence must be dismissed (see People v Primm, 57 AD3d 1525, 1525 [4th Dept 2008], lv denied 12 NY3d 820 [2009]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in appeal No. 2 that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the credibility of the victim, we note that her testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d 1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]). Issues of credibility are primarily for the jury's determination (see People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010]), and we see no basis for disturbing the jury's credibility determinations in this case. Contrary to defendant's contention in appeal No. 1, the resentence is
not unduly harsh or severe.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court