■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA LINER, Appellant. [822 NYS2d 524]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered July 7, 2004, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (two counts), burglary in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence, including defendant's possession of two knives during the commission of a crime and the fact that he reached to his right side where one knife was located, supported the inference that he intended to use them unlawfully (see People v Malik, 21 AD3d 779 [2005], lv denied 6 NY3d 778 [2006]; Matter of Aida S., 189 AD2d 818 [1993]).

Two trespass notices barring defendant from entering a chain of drugstores were properly admitted as business records and did not violate defendant's right of confrontation (see Crawford v Washington, 541 US 36, 56 [2004]; People v Grogan, 28 AD3d 579, 581 [2006]), even assuming that one purpose of such a notice is to prove, at a later trial, that the defendant knew his or her entry was unlawful (State v Bellerouch, 129 Wash App 912, 916-917, 120 P3d 971, 974-975 [2005]). The notices, generated long before defendant's arrest, were not prepared by or on behalf of law enforcement, nor were they created solely for the purpose of criminal prosecution (compare People v Pacer, 6 NY3d 504, 509-512 [2006]; People v Rogers, 8 AD3d 888, 891-892 [2004]). We decline to decide whether other bases exist for finding the Confrontation Clause inapplicable to these documents, since no such theories were raised by the People at trial or ruled upon by the court.

We have considered defendant's remaining claims, including

those contained in his pro se supplemental brief, and find them without merit. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.