■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH COX, Appellant. [883 NYS2d 184]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered June 8, 2007, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

A series of trespass notices barring defendant from entering Duane Reade drugstores did not violate defendant's right of confrontation (see People v Liner, 33 AD3d 479 [2006], affd 9 NY3d 856 [2007]; see also Liner v Artus, 2008 WL 5114485, *3-4, 2008 US Dist LEXIS 98558, *7-11 [SD NY 2008]). These records lacked any of the "indicia of testimoniality" discussed in People v Rawlins (10 NY3d 136, 151 [2008]; see also People v Freycinet, 11 NY3d 38, 41-42 [2008]).

The court properly allowed the prosecution to introduce seven trespass notices, six of which defendant had signed, since the probative value of this large number of notices, in the context of the case, exceeded any prejudicial effect. Defendant's awareness that he had been barred from all Duane Reade stores was a principal issue in the case, with defendant contending that these notices were never read to him, and that he never read them himself. Accordingly, the number of trespass notices tended to reduce the likelihood that defendant was unaware of any such ban (see People v Marrin, 205 NY 275, 280-281 [1912]). Furthermore, the court minimized any prejudice by ordering the notices redacted to eliminate any reference to the conduct that prompted them, and by charging the jury that the notices were not proof that defendant committed any crimes on prior occasions or had any propensity to commit crimes.

Defendant's only specific objection to the prosecutor's opening statement was that it was "argumentative," and his only specific objection to the prosecutor's summation was that it made improper use of prior convictions that had been elicited when defendant testified at trial. We find no merit to either objection. All of defendant's remaining challenges to the opening statement and summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur—

Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.