THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN CORNELIUS, Appellant. [933 NYS2d 250]—

The court's *Sandoval* ruling was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The convictions at issue were highly probative of credibility, and the court only permitted inquiry into a small portion of defendant's extensive criminal record (*see People v Coleman*, 45 AD3d 432 [2007], *lv denied* 10 NY3d 763 [2008]).

The court's *Molineux* ruling (*People v Molineux*, 168 NY 264 [1901]) was also a proper exercise of discretion. The evidence of uncharged crimes was probative of defendant's knowledge and intent with regard to the burglary in this case, and helped establish that defendant knew that his entry into the store was unlawful. The probative value of this evidence outweighed any potential for prejudice, which was minimized by the court's suitable limiting instructions.

Defendant failed to preserve his argument that the court conflated its *Sandoval* and *Molineux* determinations, or his constitutional claims regarding either issue, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The trespass notices barring defendant from entering a chain of drugstores were properly admitted as business records and did not violate defendant's right of confrontation (*see People v*

*Cox*, 63 AD3d 626, 627 [2009], *lv denied* 13 NY3d 859 [2009]; *People v Liner*, 33 AD3d 479 [2006], *affd* 9 NY3d 856 [2007]). These documents were "not created in order to memorialize witness testimony," but for business purposes (*Liner v Artus*, 2008 WL 5114485, *4, 2008 US Dist LEXIS 98558, *10 [SD NY 2008]).

Since the court's reasonable doubt instruction cannot be viewed as expressly shifting the burden of proof, normal preservation requirements apply (*see People v Thomas*, 50 NY2d 467, 471-472 [1980]), and we decline to review defendant's unpreserved challenge to that instruction in the interest of justice. As an alternative holding, we also reject it on the merits. Although it would have been the better practice to use the standard CJI instruction, the court's charge, read as a whole, did not shift or misstate the burden of proof or expressly impose an affirmative obligation upon jurors to articulate a basis for harboring a reasonable doubt (*see People v Cubino*, 88 NY2d 998 [1996]; *People v Antommarchi*, 80 NY2d 247, 251-252 [1992]).

Defendant's challenge to the legal sufficiency of the evidence of physical injury is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence (*see People v Hodge*, 83 AD3d 594, 595 [2011]). We similarly find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.