Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered December 14, 2010, convicting defendant, after a jury trial, of burglary in the third degree, petit larceny, criminal possession of stolen property in the fifth degree and possession of burglar’s tools, and sentencing him, as a second felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.
The court properly exercised its discretion in permitting the People to introduce three trespass notices pertaining to prior shoplifting incidents in order to establish that defendant knew he was legally prohibited from entering Macy’s stores. Defendant failed to preserve his specific contention that a single notice would have sufficed to prove defendant’s knowledge of that prohibition, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The number of notices was highly probative of defendant’s awareness of the prohibition, particularly since defense counsel had *902 indicated that this would be a contested issue (see People v Cox, 63 AD3d 626 [1st Dept 2009], lv denied 13 NY3d 859 [2009]). The probative value of the notices outweighed any potential prejudice, which the court minimized by way of thorough limiting instructions (see People v Cornelius, 89 AD3d 595 [1st Dept 2011], lv granted 18 NY3d 993 [2012]). In any event, any error was harmless in light of the overwhelming evidence of defendant’s guilt. Defendant’s remaining arguments regarding the trespass notices are likewise unpreserved and without merit.
The court’s Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). The court properly permitted limited inquiry into two prior convictions, which constituted a small portion of defendant’s extensive record. These convictions were probative of defendant’s credibility and were not unduly prejudicial, notwithstanding any resemblance to the instant offense.
We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.