[988 NE2d 480, 965 NYS2d 744]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN CORNELIUS, Appellant.

Argued February 6, 2013; decided March 28, 2013

## APPEARANCES OF COUNSEL

*Office of the Appellate Defender*, New York City (*Margaret E. Knight, Anna Roberts* and *Richard M. Greenberg* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Allen J. Vickey* and *David M. Cohn* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

After a jury trial, defendant was convicted of burglary in the second degree (Penal Law § 140.25 [1] [b]) for unlawfully entering a Duane Reade pharmacy in January 2009 with the intent to steal property and causing physical injury to a loss prevention officer. Prior to trial, defendant objected to the admission of two trespass notices—prepared and issued by non-testifying witnesses—that had allegedly been issued to defendant by Duane Reade employees in 2004. As relevant here, the top portion of the notices contained the following statements:

"I, Austin Cornelius, understand that my privilege to enter all Duane Reade stores is revoked. I was told that if I re-enter any of these stores, I can be arrested for the crime of Trespass, pursuant to section 140.10 of the New York State Penal Law and any other appropriate criminal charge."

Supreme Court allowed the notices in evidence over defendant's objection that they constituted "testimonial" evidence and that their admission violated his right of confrontation under *Crawford v Washington* (541 US 36 [2004]). The Appellate Division reduced defendant's sentence in the interest of justice but otherwise affirmed the judgment of conviction (89 AD3d 595 [1st Dept 2011]).

Assuming, without deciding, that the contents of the 2004 notices were "testimonial," their admission in this case was harmless beyond a reasonable doubt. The People's main witness, the loss prevention officer, testified that he had personally issued defendant a trespass notice in July 2008, just seven months before the incident in question, and had told defendant that his privilege to enter all Duane Reade stores had been revoked and that defendant could be arrested should he reenter. The 2008 trespass notice was also admitted in evidence along with three photographs taken of defendant at the time the notice was issued. In light of this proof, we are satisfied beyond a reasonable doubt that the admission of the 2004 notices did not influence the jury's verdict.

Defendant's remaining contentions are without merit.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed, in a memorandum.