THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN GOODBREAD, Appellant. [7 NYS3d 454]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered October 21, 2011, convicting him

of burglary in the second degree, aggravated criminal contempt, criminal contempt in the first degree, criminal contempt in the second degree, obstructing governmental administration in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Contrary to the defendant's contention, the People presented sufficient evidence from which a rational factfinder could infer that the defendant entered the subject building unlawfully "with intent to commit a crime therein" (Penal Law § 140.25; *see People v Peterson*, 118 AD3d 1151, 1152-1153 [2014]). The evidence was also legally sufficient to establish, beyond a reasonable doubt, that the defendant caused "substantial pain" and, therefore, "physical injury" to the complainant (Penal Law § 10.00 [9]; *see People v Chiddick*, 8 NY3d 445, 447-448 [2007]; *People v Williams*, 69 AD3d 662, 662-663 [2010]), as required to support his conviction of aggravated criminal contempt (*see* Penal Law § 215.52 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 494 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of aggravated criminal contempt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant correctly contends that a police officer's testimony that the defendant's former girlfriend, who did not testify at trial, told him that the defendant had beaten her, was testimonial hearsay and violated his Sixth Amendment right to confront witnesses against him (*see People v Clay*, 88 AD3d 14, 17, 22-24 [2011]; *Hammon v Indiana*, 547 US 813 [2006]; *Crawford v Washington*, 541 US 36, 68 [2004]). However, the error in admitting the statement into evidence was harmless beyond a reasonable doubt, as the evidence of the defendant's guilt, without reference to the statement, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v*

*Green*, 92 AD3d 953, 955-956 [2012]; *People v Green*, 43 AD3d 1279, 1280 [2007]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.