Graham v Graham (2018 NY Slip Op 02192)





Graham v Graham


2018 NY Slip Op 02192


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01960
 (Ind. No. 9316/14)

[*1]v 
v
Johnathan Graham, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. LaPorte, J.), rendered January 27, 2016, convicting him of aggravated criminal contempt and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]), and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Cahill, 2 NY3d 14, 57; People v Goodbread, 127 AD3d 1106, 1107; People v White, 94 AD3d 918; People v Alexander, 50 AD3d 816, 817-818; People v Tomasky, 36 AD3d 1025, 1026; People v Squires, 308 AD2d 553, 554). Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
The Supreme Court did not err in permitting the admission into evidence of two prior uncharged incidents involving the defendant striking the complainant in the face. In domestic violence cases such as this one, evidence of prior assaults is admissible "because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident" and provides the necessary background as to the relationship between the defendant and the victim (People v Womack, 143 AD3d 1171, 1173 [internal quotation marks omitted]; see People v Babcock, 152 AD3d 962; People v Morgan, 149 AD3d 1148; People v Burkett, 101 AD3d 1468; People v World, 89 AD3d 966; People v Vega, 3 AD3d 239, 248). Further, evidence that a prior assault was the basis of an order of protection issued against the defendant was properly admitted as it "completed the narrative in which the criminal acts occurred [and] tended to show the absence of accident" (People v Rodriguez, 306 AD2d 686, 688). Contrary to the defendant's contention, any potential for prejudice was offset by the jury charge, which emphasized that uncharged crimes were not to be considered proof of propensity to commit the [*2]crimes charged (see People v Abdul-Aleem, 133 AD3d 867, 868; People v Gardner, 98 AD3d 901, 902).
The defendant contends that he was deprived of a fair trial with respect to his conviction of aggravated criminal contempt based upon the admission of evidence that the complainant had identified the defendant as her assailant to the police, an emergency medical technician (hereinafter EMT), and a treating physician. Insofar as the contention is based upon the admission of evidence that the complainant identified the defendant as her assailant to the police, it is unpreserved for appellate review and, in any event, is without merit. Moreover, to the extent that the admission of the evidence that the complainant had identified the defendant as her assailant to the EMT and the physician was improper, it did not deprive the defendant of a fair trial, and any other error in this regard was harmless (see People v Ortega, 15 NY3d 610, 619; People v Crimmins, 36 NY2d 230, 241-242).
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court