People v Graves (2019 NY Slip Op 03298)





People v Graves


2019 NY Slip Op 03298


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


2120/13 9147 9146

[*1]The People of the State of New York, Respondent,
v
Randall Graves, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Frances A. Gallagher of counsel), and Justine M. Luongo, The Legal Aid Society, New York (Frances A. Gallagher of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni and Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 22, 2014, convicting defendant, after a jury trial, of criminal possession of stolen property in the fifth degree and petit larceny, and sentencing him to concurrent terms of 1 year, and judgment, same court (James M. Burke, J.), rendered November 12, 2014, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.
The judgments on appeal both arise from a single incident in which defendant stole clothing from a store that he had been prohibited from entering as the result of his prior acts of shoplifting. At the second trial, the jury convicted defendant of the burglary charge upon which the first jury failed to reach a verdict. We find no basis for reversal of either of the judgments.
Neither defense counsel's general motion to dismiss nor his argument for a lesser included offense charge preserved his contention that the evidence was legally insufficient to support the burglary conviction at the second trial, and we decline to review it in the interest of justice. As an alternative holding, we find that the verdicts following both trials were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the two juries' credibility determinations regarding a store employee's observations relating to the theft. With regard to the burglary conviction, the inference was inescapable that when defendant unlawfully entered the store, he did so with the intent to steal merchandise.
At each trial, the court properly admitted trespass notices barring defendant from entering the store. There was no Confrontation Clause violation because these business records were not testimonial (People v Cox, 63 AD3d 626 [1st Dept 2009], lv denied 13 NY3d 859 [2009]). "[E]ven assuming that one purpose of such a notice is to prove, at a later trial, that the defendant knew his or her entry was unlawful" (People v Liner, 33 AD3d 479 [1st Dept 2006], affd 9 NY3d 856 [2007]), the notices were primarily used for the store's business purposes such as recording and deterring shoplifting. In any event, any error was harmless (see People v Cornelius, 20 NY3d 1089 [2013]).
At both trials, defendant failed to preserve any of his arguments relating to the issue of whether he voluntarily signed various documents while being detained by store security personnel, including his claims that he was entitled to certain hearings and jury instructions, and we decline to review them in the interest of justice. As an alternative holding, we find that any error at either trial was harmless (see People v Crimmins, 36 NY2d 230 [1975]). Defendant's ineffective assistance of counsel claims relating to these matters are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People [*2]v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant's contention that the court at the second trial should have charged criminal trespass in the third degree as a lesser included offense of burglary in the third degree is unpreserved, because defense counsel requested only the submission of second-degree rather than third-degree criminal trespass (see People v Ware, 303 AD2d 173 [1st Dept 2003], lv denied 100 NY2d 543 [2003]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v Zokari, 68 AD3d 578 [1st Dept 2009], lv denied 15 NY3d 758 [2010]).
Defendant's double jeopardy claim with regard to the retrial of the burglary charge is without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK