OPINION OF THE COURT
Duncan S. McNab, J.
Upon a jury trial, defendant was found guilty of the crime of rape in the first degree, by forcible compulsion. Prior to summation, defendant requested, and the court denied, certain *44 "downcharges”, to wit, sexual misconduct, harassment, and assault in the third degree. The law is clear that the first two of these are not lesser included offenses of rape in the first degree. (See, with respect to sexual misconduct, People v McEaddy, 30 NY2d 519; People v Simms, 58 AD2d 720; and see, with respect to harassment, People v Moyer, 27 NY2d 252.) On the other hand, the court could find no case directly on point with respect to defendant’s request for assault in the third degree. However, an examination of relevant statutes and related case law persuaded this court that submission of assault in the third degree would have been inappropriate and improper. Moreover, while the court did discuss with the attorneys its decision not to submit the requested charges in a conference held, at defendant’s request, prior to summations, no reasons were set forth on the record. Thus, the court would take this opportunity to make a full record on this issue.
 CPL 300.50 (subd 1) provides, in pertinent part: "In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater.”
Thus, prior to submitting a requested lesser charge, the court must be satisfied that two conditions prevail: (1) that the requested lesser charge satisfies the definition of a "lesser included offense,” as defined in CPL 1.20 (subd 37); and (2) that there be any reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. (See People v Henderson, 41 NY2d 233.) CPL 1.20 (subd 37) provides: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, without respect to the former, a 'lesser included offense.’ ” Reduced to its fundamentals, the court feels that defendant’s request for assault in the third degree herein had to be denied on two not entirely unrelated grounds: (1) that assault in the third degree simply could not have been submitted in the alternative, as CPL 300.50 (subd 1) requires; and (2) that on the particular facts of this case, it was not impossible for the defendant to have committed rape without also having committed assault in the *45 third degree. At this juncture, a thumbnail sketch of the relevant facts is of much significance. Briefly stated, the People, on their direct case, had introduced expert medical testimony that the alleged victim herein, when examined on the night in question, showed abrasions and contusions of the left cheek and marks on her neck and chin. The complainant herself had testified that the defendant had punched, slapped and choked her prior to raping her, and her testimony was corroborated in that respect by the observations of one Mr. Hearns, who testified that he observed nothing unusual about the complainant when she entered the premises where the crime occurred with the defendant, that he later saw, through defendant’s partly open door, the defendant pushing and shoving the complainant onto his bed, and still later saw the complainant, crying and red-faced, leaving alone. The complainant also testified that defendant had told her she could not leave his room and had pointed a knife at her, so that in conjunction with the physical attack, she had become "afraid she was going to die.”
Thus, on these facts, the jury could have found defendant guilty of rape by forcible compulsion, either by way of defendant’s implied threat, or by his use of actual physical force, or a combination of both. (See Penal Law, § 130.00, subd 8, as it existed prior to Sept. 1, 1977.) It is perfectly conceivable then that the guilty verdict of rape could have rested on the alleged threat, and the jury might not have even considered the testimony of actual physical force; therefore it was far from impossible for them to have necessarily found an assault as a necessary and concomitant byproduct of their guilty verdict of rape. And, even if the jury were to have based a guilty verdict of rape upon actual physical force that overcame earnest resistance, the jury would still have had to prove two additional elements, intent to cause physical injury and the actual physical injury, to find defendant guilty of assault in the third degree, neither of which is an element of rape in the first degree. (See People v Baglieri, 51 AD2d 587, reversing defendant’s conviction of assault in the third degree, based on the trial court’s having erred in submitting latter charge to jury on grounds that assault in the third degree is not a lesser included offense of assault in the second degree, the former requiring proof of an intent to injure not contained in assault in the second degree therein.) In short, a guilty verdict on rape would not automatically have required a guilty verdict of *46 assault; the jury would have had to consider the assault charge as an additional, separate charge from rape, and under the mandate of CPL 300.50 (subd 1) to submit lesser charges in the alternative, such a charge would have been clearly improper.
Conversely, an acquittal of the charge of rape in the first degree would have ipso facto required a finding of insufficient proof of forcible compulsion, and would thereby have precluded a conviction of assault in the third degree upon the same evidence upon risk of a repugnant verdict, analogous to the situation vis-á-vis rape and sexual misconduct. (See People v McEaddy, 30 NY2d 519, supra; People v Simms, 58 AD2d 720, supra; and, see, People v Wells, 48 AD2d 934.) In short, on any view, there was no way for the court to submit the requested charge in the alternative.
In reaching its conclusion, the court feels it is quite important too that defense counsel, on summation, conceded that his client had had sexual intercourse with the alleged victim. Again, the court would point out that in the same presummation conference alluded to previously, defense counsel had informed the court of this concession, which the court then took into consideration as one factor in determining what lesser included offenses existed on the record. The sole issue for the jury then was whether this act of sexual intercourse was consensual or accomplished by force. In a case involving a similar "telescoping” of issues, it has been recognized that defendant was either guilty of rape in the first degree or of no crime at all. (See People v Limage, 57 AD2d 906, Hawkins, J., dissenting [the majority, in reversing rape in the first degree conviction and ordering a new trial, held it was improper for the trial court to have charged the jury as to sexual abuse and sexual misconduct].)
For the foregoing reasons, the court felt constrained to deny defendant’s request to submit the crime of assault in the third degree to the jury as a lesser included offense of rape in the first degree.