◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GILLIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered March 20, 1978, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In a one count indictment, the defendant was charged with the crime of rape in the first degree. The decision to prosecute him for this crime (Penal Law, § 130.35) rather than for sexual misconduct (Penal Law, § 130.20) did not deny the defendant equal protection of the law (see *People v Vicaretti,* 54 AD2d 236; *People v Eboli,* 34 NY2d 281). Further, there was no error in the court's decision on his *Sandoval* motion *(People v Sandoval,* 34 NY2d 371; cf. *People v Greer,* 42 NY2d 170). The request to charge assault in the third degree was unwarranted and properly denied. Assault in the third degree is not a "lesser included offense" of rape in the first degree within the meaning of the statute (CPL 1.20, subd 37). It is not

impossible to overcome earnest resistance (Penal Law, § 130.00, subd 8) without causing physical injury (Penal Law, § 120.00). Further, the defendant concedes that he had sexual intercourse with the complaining witness but contends that it was voluntary on her part. Assuming, *arguendo,* that assault in the third degree is a lesser included offense of rape in the first degree, and viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence under which it could be found that the defendant committed assault in the third degree but did not commit rape in the first degree (see *People v Discala,* 45 NY2d 38; *People v Henderson,* 41 NY2d 233). We have considered the defendant's other arguments and find them to be without merit. Titone, J. P., O'Connor, Martuscello, and Mangano, JJ., concur. [93 Misc 2d 43.]