■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 16, 1981, convicting him of rape in the first degree, sexual abuse in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant's contention that he was not advised of his *Miranda* warnings is without merit. The record clearly supports the hearing court's specific findings that the defendant was read his constitutional *Miranda* warnings from a standard Police Department card, that the defendant said he understood and waived those rights and that the defendant signed and dated the rights card. Accordingly, there is no reason to disturb the court's denial of the defendant's motion to suppress his statements *(see, People v Valencia,* 126 AD2d 764, *lv denied* 69 NY2d 956; *People v Armstead,* 98 AD2d 726).

Neither did the court's *Sandoval* ruling allowing questioning as to the underlying facts of a 1975 disorderly conduct conviction and permitting the prosecutor to adduce that the defendant had been convicted of a felony in 1976, without revealing the underlying crime, deprive the defendant of a fair trial. It was also proper for the trial court to admit into evidence for impeachment purposes a concededly falsified employment application in which the defendant stated that he had never been convicted of a crime. This application was relevant to and could significantly bear upon the question of the defendant's credibility *(see, People v Smith,* 103 AD2d 859). Furthermore, the defendant did not request an advance ruling to preclude cross-examination concerning the false employment application. He therefore failed to carry his burden to "inform the court of the prior convictions and misconduct which might unfairly affect him as a witness in his own behalf" *(People v Sandoval,* 34 NY2d 371, 378; *accord, People v Carter,* 113 AD2d 949).

The defendant further contends that the elements required to prove the crime of rape in the first degree, a class B felony *(see,* Penal Law § 130.35), are virtually identical to the elements required to prove the crime of sexual misconduct, a class A misdemeanor *(see,* Penal Law § 130.20), and therefore that he is entitled to receive the benefit of the lesser penalty

(i.e., a maximum sentence of one year for a class A misde-
meanor pursuant to Penal Law § 70.15). This contention was
not raised in the trial court and thus has not been preserved
for appellate review. In any event, it is without merit. The
definitional overlap between these two crimes is well recog-
nized by the courts in this State, and it has repeatedly been
held that there is no impropriety in a prosecutor's proceeding
under a theory of rape in the first degree rather than sexual
misconduct *(see, People v Gillis,* 67 AD2d 1008; *People v
Vicaretti,* 54 AD2d 236).

Also without merit is the defendant's contention that the
trial court improperly refused to allow him to introduce into
evidence an allegedly prior inconsistent statement made by
one of the People's witnesses immediately following the inci-
dent. While it is true that a witness's prior inconsistent
statement may be used to impeach his trial testimony even if
it does not directly contradict the witness's testimony *(see,
People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory
v New York,* 416 US 905; *People v Stavris,* 75 AD2d 507), and
that the courts of this State are liberal as to the degree of
inconsistency required for admissibility of a prior statement
*(see,* Fisch, New York Evidence § 474 [2d ed]), it is likewise
true that a witness may not be impeached simply by showing
that he omitted to state a fact or to state it more fully at a
prior time *(see, People v Bornholdt, supra).* In this regard, it
must be shown that "at the prior time the witness' attention
was called to the matter and that he was specifically asked
about the facts embraced in the question propounded at trial"
*(People v Bornholdt, supra,* at 88). In the instant case, the
statement given to the police by the witness was not inconsis-
tent with his trial testimony but, rather, it was less specific
and contained fewer details than the trial testimony. Insofar
as the defendant failed to show that, in fact, at the time of the
witness's original statement he had been specifically asked
about the facts embraced in the questions propounded at trial,
the defendant failed to lay a proper foundation, and, for this
reason alone, the statement was properly excluded *(see, People
v Duncan,* 46 NY2d 74). Moreover, we note that the court
permitted defense counsel to adduce, on cross-examination of
the witness and the police officer to whom the statement was
given, that the prior statement contained no mention of rape.

We have reviewed the defendant's remaining contentions,
including those raised in his supplemental *pro se* brief, and
find them to be either unpreserved for appellate review or

without merit. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.