■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WISE, Appellant.—Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered July 12, 1989, convicting defendant after a jury trial of robbery in the third degree, and sentencing him as a second felony offender to an indeterminate prison term of from 3½ to 7 years, unanimously affirmed.

Defendant robbed a man entering a subway turnstile, who immediately grabbed defendant and prevented him from fleeing. Defendant grabbed his victim around the neck and hit the

man's head against the metal grating by the turnstile. As they struggled, defendant threw money to the ground, at which time transit police officers arrived and arrested defendant.

Defendant claims on appeal that the trial court improperly limited his cross-examination of an eyewitness by precluding him from impeaching the witness with his Grand Jury testimony. The witness had testified at trial that he saw defendant with his hand in the victim's pocket, but had omitted this fact during his Grand Jury testimony. The court correctly concluded that the prior testimony was not inconsistent and therefore should not be used for impeachment purposes, as the party wishing to use the prior statement must show that the witness was specifically asked about, and his attention specifically directed, to the fact at issue *(People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905).

Defendant also seeks a reduction of his sentence. Given the crime committed, and the circumstances of defendant's history, no compelling circumstances exist which would warrant our reducing his sentence in the interest of justice. Concur— Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.