■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO GONZALEZ, Appellant. [664 NYS2d 70] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered January 10, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to a "buy and bust" operation in Kings County, the defendant was convicted of selling heroin to an undercover police officer. The arresting officer recovered $70, including $10 in prerecorded money, from the defendant's pocket, and a stash of drugs from a nearby window sill.

The defendant asserts that although the arresting officer

testified at trial that he vouchered both the drugs and money, when specifically asked before the Grand Jury "What did you voucher?", the officer had mentioned only the drugs. The defendant contends that the trial court improperly precluded him from using the arresting officer's Grand Jury testimony to impeach him at trial (see, People v Bornholdt, 33 NY2d 75, 88, cert denied sub nom. Victory v New York, 416 US 905).

The minutes of the arresting officer's Grand Jury testimony, however, reveal that he was never asked "What did you voucher?", but that when questioning began on vouchering, the focus already had turned specifically to the drugs he had recovered. Under these circumstances, the trial court did not err in refusing to allow the use of the Grand Jury testimony to impeach the arresting officer by showing an inconsistency between it and his trial testimony as to what had been vouchered. The questions asked at the Grand Jury with respect to the property vouchered by the arresting officer did not, in context, draw the officer's attention to the subject of the money (see, People v Bornholdt, supra; People v Jackson, 202 AD2d 246; People v Wise, 176 AD2d 595; People v Jones, 136 AD2d 740).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.