■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY GILPATRICK, Appellant. [881 NYS2d 565]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 21, 2007. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree, and failure to stay within a single lane.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated as a felony

(Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), and failure to stay within a single lane (§ 1128 [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to driving while intoxicated and aggravated unlicensed operation of a motor vehicle is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further reject the contention of defendant that he was denied the right to effective assistance of counsel. The "failure to make a motion or [an objection] that has little or no chance of success . . . is not ineffective" (*People v Dashnaw*, 37 AD3d 860, 863 [2007], *lv denied* 8 NY3d 945 [2007] [internal quotation marks omitted]), and defendant has failed to show the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]). Viewing defense counsel's representation as a whole and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to the remaining contention of defendant in his main brief, the sentence is not unduly harsh or severe.

We reject the contentions raised by defendant in his pro se supplemental brief. A defendant who is represented by counsel does not have an absolute right to make a pro se motion, and here County Court did not abuse its discretion in refusing to consider defendant's pro se motion (*see People v Lockett*, 1 AD3d 932, 933 [2003], *lv denied* 1 NY3d 630 [2004]; *see generally People v Rodriguez*, 95 NY2d 497, 501 [2000]). Defendant failed to preserve for our review his contention that the court erred in failing to give a missing witness charge (*see People v Dell*, 11 AD3d 631, 632 [2004], *lv denied* 4 NY3d 762 [2005]) and, in any event, that contention lacks merit inasmuch as there is no indication in the record that defendant was entitled to such a charge (*see generally People v Kitching*, 78 NY2d 532, 536-537 [1991]; *People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). Contrary to the further contention of defendant, the People were under no obligation to provide him with evidence concerning which he had prior knowledge (*see generally People v LaValle*, 3 NY3d 88, 110 [2004]; *People v Doshi*, 93 NY2d 499, 506-507 [1999]). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.