THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. PROCANICK, Appellant. [890 NYS2d 868]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that he was denied his right to present a defense when County Court precluded him from presenting character evidence. In his offer of proof, defendant failed to demonstrate that the evidence related to a character trait that was relevant to the charges (*see People v Spicola*, 61 AD3d 1434, 1435 [2009]; *see generally People v Greany*, 185 AD2d 376, 376-377 [1992], *lv denied* 80 NY2d 1027 [1992]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that reversal is required based upon prosecutorial misconduct. With respect to the single instance of alleged

misconduct that is preserved for our review, we conclude that " 'the conduct of the prosecutor was not so egregious or prejudicial as to deny defendant his right to a fair trial' " (*People v Mastowski*, 26 AD3d 744, 746 [2006], *lv denied* 6 NY3d 850 [2006], 7 NY3d 815 [2006]). We decline to exercise our power to review defendant's contention with respect to the remaining instances of alleged misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). "Contrary to defendant's further contention, neither defense counsel's failure to object to the alleged instances of prosecutorial misconduct nor any of defense counsel's other alleged shortcomings constituted ineffective assistance of counsel" (*People v McCray*, 66 AD3d 1338, 1339 [2009]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Green and Pine, JJ.