# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

533

KA 10-02445

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEPHEN O. WILLIAMS, JR., DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 4, 2010. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and sexual abuse in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [2]) and sexual abuse in the third degree (§ 130.55). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19), and he failed to renew that motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). The jury reasonably could have found that defendant engaged in " '[s]exual contact' " when he touched the victim's buttocks (§ 130.00 [3]; *see Matter of Kenny O.*, 276 AD2d 271, 272, *lv denied* 96 NY2d 701; *People v Felton*, 145 AD2d 969, 971, *lv denied* 73 NY2d 1014), and that such touching was "for the purpose of gratifying [defendant's] sexual desire" (§ 130.00 [3]; *see People v Stewart*, 57 AD3d 1312, 1315, *lv denied* 12 NY3d 788, *cert denied* ___ US ___, 130 S Ct 1047). With respect to the count charging defendant with sexual abuse in the first degree, the testimony of the victim that she was asleep when defendant began touching her was legally sufficient to establish the element of physical helplessness (*see People v Smith*, 16 AD3d 1033, 1034, *affd* 6 NY3d 827, *cert denied* 548 US 905; *see generally* § 130.00 [7]), even in the absence of evidence that sleep was induced by drug or alcohol use (*see People v Irving*, 151 AD2d 605, 605-606; *see generally People v Manning*, 81 AD3d 1181, 1181-1182). With respect to the count charging defendant with sexual

abuse in the third degree, the People presented legally sufficient evidence that the victim was 16 years old at the time of the incident and thus incapable of consenting (*see* § 130.05 [2] [b]; [3] [a]).

We reject defendant's further contention that County Court erred in failing to give the jury a missing witness charge with respect to the victim's mother (*see generally People v Kitching*, 78 NY2d 532, 536-537; *People v Gonzalez*, 68 NY2d 424, 427-428).  Defendant's request for that charge was untimely because it was not made until both parties had rested, rather than at the close of the People's proof, when defendant became "aware that the witness would not testify" (*People v Hayes*, 261 AD2d 872, 873, *lv denied* 93 NY2d 1019, 1021).  In any event, we conclude that the People demonstrated that the victim's mother was unavailable (*see generally Kitching*, 78 NY2d at 536-537), inasmuch as her "whereabouts [were] unknown and that diligent efforts to locate [her had] been unsuccessful" (*Gonzalez*, 68 NY2d at 428).

Contrary to defendant's contention, he was not deprived of his constitutional right to present a defense when the court barred one of his potential witnesses from testifying concerning certain statements made by the victim's mother.  In those statements, the victim's mother allegedly threatened to accuse defendant of the crimes at issue as part of an extortion scheme.  The "right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence" (*People v Hayes*, 17 NY3d 46, 53, *cert denied* 132 S Ct 844 [internal quotation marks omitted]).  The courts therefore have the discretion to exclude evidence sought to be introduced by a defendant where such evidence is irrelevant or constitutes hearsay, and its probative value is "outweighed by the dangers of speculation, confusion, and prejudice" (*id.* at 54; *see People v Procanick*, 68 AD3d 1756, 1756, *lv denied* 14 NY3d 844), or where such evidence is "too slight, remote or conjectural to have any legitimate influence in determining the fact in issue" (*People v Martinez*, 177 AD2d 600, 601, *lv denied* 79 NY2d 829).  Finally, the sentence is not unduly harsh or severe.

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court