# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

752

KA 10-01591

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARYL HAMM, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 16, 2010. The judgment convicted defendant, upon a nonjury verdict, of assault in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part convicting defendant of assault in the second degree and dismissing count three of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of assault in the first degree (Penal Law § 120.10 [1]) and assault in the second degree (§ 120.05 [1]). We reject defendant's contention that certain evidentiary rulings made by Supreme Court deprived him of the right to present a defense and the right to a fair trial. The court did not abuse its discretion in determining that defendant's proposed cross-examination of the victim's father "was too speculative to establish a motive for fabrication" (*People v Poole*, 55 AD3d 1349, 1350, *lv denied* 11 NY3d 929). Nor did the court improperly curtail the cross-examination of another prosecution witness with respect to the sworn statement made by her the day after the assault. That statement was not inconsistent with her trial testimony, and thus there was no basis for impeachment of her trial testimony based on that statement (*see People v Wise*, 176 AD2d 595, 596, *lv denied* 79 NY2d 866; *People v Jones*, 136 AD2d 740, 741, *lv denied* 71 NY2d 969).

Defendant further contends that the verdict is against the weight of the evidence because the court erred in rejecting his affirmative defense that he lacked criminal responsibility by reason of mental disease or defect (*see* Penal Law § 40.15). We reject that contention. "Where, as here, there was conflicting expert testimony on the issue

of defendant's mental condition, the determination of the trier of fact to accept or reject the opinion of an expert, in whole or in part, is entitled to deference" (*People v Amin*, 294 AD2d 863, 863, *lv denied* 98 NY2d 672, 674; *see People v Stoffel*, 17 AD3d 992, 993, *lv denied* 5 NY3d 795).

As the People correctly concede, however, assault in the second degree under Penal Law § 120.05 (1) is a lesser included offense of assault in the first degree under Penal Law § 120.10 (1) (*see People v Basciano*, 54 AD3d 637), and thus should have been considered only in the alternative as a lesser inclusory concurrent count of assault in the first degree (*see* CPL 300.40 [3] [b]; *People v Johnson*, 81 AD3d 1428, 1429, *lv denied* 16 NY3d 896).  We therefore modify the judgment accordingly.  The sentence is not otherwise unduly harsh or severe.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court