# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**693**

**KA 12-01693**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHARLES W. TOMLIN, III, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 9, 2012. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated as a felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), and unlawful possession of marihuana (Penal Law § 221.05). Defendant failed to preserve for our review his challenge to the alleged legal insufficiency of the evidence with respect to the element of intoxication because he failed to move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19). Contrary to defendant's contention, the evidence is legally sufficient to establish that he operated the motor vehicle at the time and place charged in the indictment (*see People v Blake*, 5 NY2d 118, 119-120). Furthermore, viewing the evidence in light of the elements of the crime and the violation as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that County Court abused its discretion in denying as untimely his request for a missing witness charge with respect to one of the police officers at the scene of defendant's arrest. "The request was not made until both parties had rested, rather than at the close of the People's proof, when defendant became 'aware that the witness would not testify' " (*People v Williams*, 94 AD3d 1555, 1556). In any event, we note that the witness

was no longer a police officer, and was incarcerated after having been prosecuted by the same District Attorney's office. Thus, it cannot be said that the witness was "favorably disposed" to the People and was under their control (*People v Gonzalez*, 68 NY2d 424, 429).

Defendant further contends that the court erred in permitting the prosecutor to elicit testimony from a police officer regarding defendant's failure to respond to an unspecified inquiry made to him while in the holding cell after his arrest, because such testimony was inconsistent with the court's pretrial suppression ruling. Contrary to defendant's contention, the testimony made no reference to defendant's refusal to submit to a breath test, which was the subject of the pretrial suppression ruling. The testimony concerning defendant's failure to respond to an unspecified inquiry was properly admitted because it was relevant to establishing defendant's physical condition, demeanor and general responsiveness to questioning (*see People v McRobbie*, 97 AD3d 970, 971-972, *lv denied* 20 NY3d 934). By failing to object during the prosecutor's summation, defendant failed to preserve for our review his contention that the prosecutor made an improper reference to defendant's breath test refusal during summation and, in any event, he was not thereby denied a fair trial (*see People v Johnston*, 43 AD3d 1273, 1274-1275, *lv denied* 9 NY3d 1007). Defendant further contends that the court erred in permitting the prosecutor to play portions of the booking video for the jury because the booking video was not included in the People's CPL 710.30 notice. We reject that contention, inasmuch as the portions of the booking video played for the jury showed defendant's physical condition, and they contained questions and answers about defendant's pedigree information as well as spontaneous statements by defendant not in response to any questions or interrogation (*see People v Higgins*, 124 AD3d 929, 932-933).

We reject defendant's further contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). We note in particular that defense counsel was not ineffective in failing to request a charge in accordance with CPL 60.50 (*see People v Higgins*, 123 AD3d 1143, 1144). Defendant's admission with respect to the operation of the motor vehicle was sufficiently corroborated by other evidence (*see People v Tyra*, 84 AD3d 1758, 1759, *lv denied* 17 NY3d 822) and, under these circumstances, defense counsel could have reasonably concluded that such a charge would focus the jury's attention on the strength of the corroborating evidence (*see generally People v Smith-Merced*, 50 AD3d 259, 259, *lv denied* 10 NY3d 939). Defendant thus "has failed to show the absence of strategic or other legitimate explanations for defense counsel's alleged shortcoming[]" (*People v Gilpatrick*, 63 AD3d 1636, 1637, *lv denied* 13 NY3d 835). Finally, the sentence is not unduly harsh or severe.

Entered:  July 2, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court