# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1084**

**KA 10-02499**

PRESENT: SMITH, J.P., CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANACIN L. HYMES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Joan S. Kohout, A.J.), rendered October 25, 2010. The judgment convicted defendant, after a nonjury trial, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of burglary in the third degree (Penal Law § 140.20). Supreme Court properly refused to suppress defendant's statement made to a police officer outside the building where a burglary in progress had been reported. Although defendant was then in custody, the officer's pre-*Miranda* question was a permissible threshold crime scene inquiry that did not constitute custodial interrogation (*see People v Burnett*, 228 AD2d 788, 790; *People v Mallory*, 175 AD2d 623, 623-624, *lv denied* 78 NY2d 1013). When the officer asked defendant what he was doing, "it was quite possible that defendant was not the burglar, [and thus] the question [was] designed to clarify the nature of the situation confronted, rather than to coerce statements" (*People v Nesby*, 161 AD2d 246, 247, *lv denied* 76 NY2d 793).

The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant possessed the requisite intent to commit a crime when he unlawfully entered the building (*see generally People v Bleakley*, 69 NY2d 490, 495). His "criminal intent can be inferred from his unexplained, unauthorized presence on the premises, from his actions while on the premises, and from his actions and assertions when confronted by the police" (*People v Gates*, 170 AD2d 971, 971-972, *lv denied* 78 NY2d 922; *see People v Ostrander*, 46 AD3d 1217, 1218). Viewing the evidence in light of the elements of the crime in this

nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, we conclude that County Court properly curtailed the cross-examination of a prosecution witness with respect to alleged omissions of fact in her statement to a police officer on the night of the burglary.  The witness testified that she did not omit any facts from her statement, but the officer did not write everything down.  "[T]hus[,] there was no basis for impeachment of her trial testimony based on that statement" (*People v Hamm*, 96 AD3d 1482, 1483, *affd* 21 NY3d 708; *see People v Bornholdt*, 33 NY2d 75, 88; *People v Ogborn*, 57 AD3d 1430, 1431, *lv denied* 12 NY3d 786).

Finally, the court properly denied as untimely defendant's request that two persons who identified him on the night of the burglary be treated as missing witnesses by the court (*see People v Tomlin*, 130 AD3d 1455, 1456; *People v Williams*, 94 AD3d 1555, 1556).

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court