# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

820

KA 14-01107

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WINSTON R. PENDARVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 10, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant's contention that the evidence is legally insufficient to support the conviction because the People did not establish that he entered the victims' house with intent to commit a crime therein (*see generally People v Bleakley*, 69 NY2d 490, 495). It is well established that "[a] defendant's intent to commit a crime may be inferred from the circumstances of the entry . . . , as well as from defendant's actions and assertions when confronted" (*People v Maier*, 140 AD3d 1603, 1603-1604 [internal quotation marks omitted]). Here, we conclude that there is legally sufficient evidence from which a jury could infer defendant's criminal intent based on those factors, i.e., defendant was on the victims' premises without any explanation, broke a screen door, entered the victims' house, and immediately fled, albeit slowly and calmly, after one of the victims saw him in the house (*see People v Beaty*, 89 AD3d 1414, 1416-1417, *affd* 22 NY3d 918; *see also People v Hymes*, 132 AD3d 1411, 1411-1412, *lv denied* 26 NY3d 1146; *People v Bergman*, 70 AD3d 1494, 1494, *lv denied* 14 NY3d 885). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, the People articulated a sufficient race-neutral explanation for using a peremptory challenge

to remove a prospective juror (*see People v Barber*, 156 AD2d 1022, 1023, *lv denied* 75 NY2d 866).  Defendant failed to preserve for our review his related contention that the prosecutor's explanation for striking a prospective juror in response to his *Batson* challenge was pretextual (*see People v Cooley*, 48 AD3d 1091, 1092, *lv denied* 10 NY3d 861; *People v Dandridge*, 26 AD3d 779, 779-780, *lv denied* 9 NY3d 1032), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that County Court improperly permitted the male victim to give testimony with respect to a certain statement that the female victim made to him at the time of the burglary.  According to defendant, that testimony constituted hearsay and improperly bolstered the female victim's testimony.  Defendant's bolstering contention is not preserved for our review inasmuch as defendant did not object to the testimony on that ground (*see People v Capers*, 94 AD3d 1475, 1476, *lv denied* 19 NY3d 971).  In any event, inasmuch as the disputed statement made by the female victim was an excited utterance, it did not constitute hearsay or improper bolstering (*see People v Miller*, 115 AD3d 1302, 1304, *lv denied* 23 NY3d 1040).  Defendant's related contention that follow-up testimony given by the male victim was hearsay is also not preserved for our review.  In any event, that contention lacks merit inasmuch as that testimony also falls under the excited utterance exception to the hearsay rule (*see id.* at 1303-1304; *People v Cordero*, 272 AD2d 924, 924-925, *lv denied* 95 NY2d 851).

Although we agree with defendant that the police officers' testimony concerning the victims' identification of defendant constituted improper bolstering, defendant failed to preserve that contention for our review.  In any event, the admission of that testimony was harmless inasmuch as the evidence against defendant, including the strong identification testimony of the victims, was overwhelming, and there " 'is [no] significant probability' " that the jury would have acquitted defendant but for that error (*People v Johnson*, 57 NY2d 969, 970-972; *see People v Hampton*, 121 AD3d 1538, 1539, *lv denied* 24 NY3d 1084; *People v Elliott*, 294 AD2d 870, 870, *lv denied* 98 NY2d 696).

Contrary to defendant's further contention, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, the sentence is not unduly harsh or severe.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court