People v Perez (2020 NY Slip Op 51184(U))

[*1]

People v Perez (Miguel)

2020 NY Slip Op 51184(U) [69 Misc 3d 131(A)]

Decided on October 9, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570022/17

 The People of the State of New York,
Respondent,
against
Miguel Perez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Felicia A. Mennin, J.), rendered October 18, 2016, convicting him, after a nonjury
trial, of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Felicia A. Mennin, J.), rendered October 18, 2016, affirmed.
The verdict convicting defendant of sexual abuse in the third degree (see Penal Law
§ 130.55) was supported by legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9
NY3d 342 [2007]). There is no basis for disturbing the court's determination concerning
credibility, including its rejection of defendant's testimony. The credited testimony of the victim,
as corroborated by a plain-clothes police detective who witnessed the incident, established that
defendant - who was initially observed standing on a subway platform while several trains passed
by, paying special attention to females and looking at their buttocks - followed the female victim
onto a crowded train and positioned himself close to her, extended his right hand and "graze[d]"
her buttocks until she moved away. Defendant then followed the victim and touched her again in
the same manner. The trial court could rationally infer that defendant engaged in "sexual contact"
when he touched the victim in the manner described and that such touching was "for the purpose
of gratifying [defendant's] sexual desire" (Penal Law § 130.00[3]; see People v Williams, 94 AD3d
1555 [2012]; see also People v
Bookard, 167 AD3d 424 [2018], lv denied 32 NY3d 1169 [2019]) and was not
inadvertent (see People v Colon, 57
Misc 3d 135[A], 2017 NY Slip Op 51266[U] [App Term, 1st Dept 2017]; People v Ross, 53 Misc 3d 143[A],
2016 NY Slip Op 51552[U] [App Term, 1st Dept 2016], lv denied 28 NY3d 1188
[2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 9, 2020