21-2406-cv
*Keyes v. The City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> > *Circuit Judges*.

---

Mytayari Keyes,

> *Plaintiff-Appellant*,

> v.                                                          21-2406-cv

The City of New York, Police Officer Peter Cassidy, in his individual capacity, Police Officer Michael Looney, in his individual capacity, The New York City Police Department, Police Officer Manuel Silva, in his individual and official capacity,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                    Henry Bell, Bell Law PLLC, New York, NY.

FOR DEFENDANTS-APPELLEES:        Diana Lawless, Richard Dearing, Deborah A. Brenner, *of Counsel*, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Mytayari Keyes appeals from the grant of summary judgment, entered on August 24, 2021, to defendants-appellees the City of New York (the "City"), the New York City Police Department (the "NYPD"), and Police Officers Manuel Silva, Peter Cassidy, and Michael Looney (collectively, "defendants") with respect to Keyes's false arrest and malicious prosecution claims under 42 U.S.C. § 1983.[1]  In 2017, Keyes was arrested in Times Square by officers in the plainclothes patrol for allegedly touching numerous women's buttocks.  According to the officers, they each followed Keyes at different times during their patrol after observing him walking unusually close to several women with his hands near the women's handbags.  The officers testified that, as they were tailing Keyes, they witnessed him touch the buttocks of multiple women.  As a result, Keyes was arrested and charged with two misdemeanors—namely, forcible touching under New York Penal Law ("NYPL") § 130.52 and third-degree sex abuse under NYPL § 130.55.  After a bench trial, Keyes was acquitted of both charges.  Keyes then brought this action.

---

[1] Although Keyes asserted other claims in his complaint, he explicitly abandoned in the district court his Section 1983 claim for municipal liability against the City, his Section 1983 fair trial claim, his malicious prosecution claims against Michael Looney, and his state-law false arrest claims.  Moreover, on appeal, Keyes does not challenge the district court's determination that he also abandoned his remaining state-law claims because he did not address them in his opposition to defendants' summary judgment motion. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).  In addition, the NYPD cannot be independently sued as an agency of the City. *See Jenkins v. City of New York.*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).  Therefore, the only remaining claims on appeal are the Section 1983 false arrest claim against the three individual officers and the Section 1983 malicious prosecution claim against Officers Silva and Cassidy.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court concluded that the uncontroverted facts demonstrated that the officers had probable cause to arrest and prosecute Keyes and thus granted summary judgment to defendants. Keyes argues that the district court erred in its probable cause determination because he raised genuine disputes of material fact that precluded summary judgment on these claims. We disagree.

### I.     False Arrest

Probable cause is a complete defense to a Section 1983 false arrest claim. *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (per curiam). Probable cause exists when officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (internal quotation marks and citation omitted). This determination is based on the "totality of the circumstances" and courts "must consider only those facts available to the officer at the time of the arrest and immediately before it." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013)

3

(alteration adopted) (internal quotation marks and citation omitted). This standard "does not demand that an officer's good-faith belief that a person has committed a crime be 'correct or more likely true than false.'" *Mara v. Rilling*, 921 F.3d 48, 69 (2d Cir. 2019) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). In other words, probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983) (internal citation omitted). Moreover, "the fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause, and an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." *Panetta v. Crowley*, 460 F.3d 388, 395–96 (2d Cir. 2006) (alteration adopted) (internal quotation marks and citation omitted). Thus, probable cause "is not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotation marks and citation omitted).

Here, Officers Cassidy and Silva each testified to separately following Keyes after he caught their attention by walking very closely to female pedestrians and appearing to look at their waistlines, creating a concern that he was pickpocketing. According to both officers, they observed, from different vantage points, that Keyes was touching the buttocks of multiple women. In particular, Officer Cassidy testified that, as he followed Keyes, he observed Keyes walk closely behind about five different women. Officer Silva testified that he saw Keyes touch the buttocks of seven to nine different women, the last of which was also witnessed by Officer Cassidy.[2] The district court correctly concluded that these direct observations by Officers Cassidy and Silva were collectively sufficient to lead an officer of reasonable caution to believe that Keyes touched these

---

[2] Officer Silva testified that he saw the reaction of at least one female victim, who looked back at Keyes as he touched her, causing Keyes to turn and quickly walk away. Officer Silva approached the woman and, after identifying himself as a police officer, explained what he had seen and asked if she felt uncomfortable. According to Officer Silva, the woman looked confused, and he was unsure whether she spoke English. She shook her head, waved her hand to indicate "no," and walked away.

4

women on an intimate area, without receiving consent and for the purpose of gratifying his sexual desire, and thus established probable cause for his arrest under NYPL § 130.52(1) and/or NYPL § 130.55.[3]  *See, e.g.*, *People v. Hatton*, 26 N.Y.3d 364, 369 (2015) (holding that defendant's "smack[ing] the buttocks" of the complainant on a public street established forcible touching under NYPL § 130.52); *accord People v. Perez*, 2020 N.Y. Slip Op. 51184(U), at *1 (App. Term 1st Dep't Oct. 9, 2020) (per curiam) (holding that defendant's touching of victim's buttocks on subway platform satisfied elements of third-degree sexual abuse under NYPL § 130.55).   In addition, Sergeant Looney, who also participated in the arrest, was entitled to rely upon his fellow officers' observations.  *See Panetta*, 460 F.3d at 395.

Keyes argues that the officers' observations were insufficient, at summary judgment, to establish probable cause because:  (1) Keyes testified that he did not actually touch any of the women; (2) the last alleged victim denied feeling anything when questioned by the officers; and (3) inconsistencies in the officers' testimony support the inference that the officers fabricated their testimony.  However, we find these arguments unpersuasive.

Even crediting Keyes's testimony that he did not touch any of the women (as is required at the summary judgment stage), such testimony does not vitiate the probable cause established by the officers' observations, much of which is uncontroverted by any evidence in the record.  More specifically, Keyes has submitted no evidence that disputed the officers' testimony that he walked closely behind multiple women even though there was room on the sidewalk for him to maintain more distance.  In addition, although Keyes denied touching the women, he never testified to where his hands were while he walked closely behind these women, and it is thus uncontroverted that, at

---

[3]  Under NYPL § 130.52(1), it is a class A misdemeanor for a person to "intentionally, and for no legitimate purpose . . . forcibly touch[] the sexual or other intimate parts of another person for the purpose of . . . gratifying the actor's sexual desire."  Under NYPL § 130.55, it is a class B misdemeanor for a person to "subject[] another person to sexual contact without the latter's consent."

the very least, his hands were in close proximity to the women's backsides. In other words, these uncontroverted facts were sufficient to establish probable cause for his arrest, even if the officers ultimately were mistaken in their observations.[4] *See Fabrikant v. French*, 691 F.3d 193, 217 (2d Cir. 2012) (noting that whether an individual "actually committed" a crime, "while determinative of her guilt or innocence" on the criminal charges, "does not create a genuine issue of material fact as to the existence of probable cause" for the individual's arrest (emphasis omitted)); *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) ("[P]robable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information."); *see also Liverpool v. Cleveland*, 848 F. App'x 468, 469 (2d Cir. 2021) (summary order) ("Because [the defendant officer] observed the [plaintiff's] concealed hand movement, even if he misperceived that movement as a lewd act, both he and the arresting officer . . . had probable cause to arrest [the plaintiff]."), *cert. denied*, 142 S. Ct. 2727 (2022).

Similarly, the alleged last victim's denial of any touching by Keyes when questioned by the officers did not vitiate the probable cause established by the officers' observations. Defendants argue that "[u]nlike the police officers, the victims had no way of knowing that what they may have perceived as an errant or accidental touch was actually part of a repeated pattern." Appellees' Br. at 22. Defendants further posit that "the women may have wished to ignore what happened rather than face the indignities of reporting a sexually-based offense" and that "the plainclothes

---

[4] The district court also noted that the probable cause established by the officers' observations was buttressed by the undisputed fact (captured on an audio recording made by Keyes) that, at the time of Keyes's arrest, he stated the following before he was even advised of the basis for that arrest: "She [i.e., the victim] did not say that I did this . . . . [D]oesn't she have to press charges on me?" Joint App'x at 715; *see People v. O'Kane*, 865 N.Y.S 2d 61, 63 (1st Dep't 2008) (holding that defendant's spontaneous statement at the time of arrest evincing consciousness of guilt supported probable cause determination). However, because it appears that these statements were made *after* Keyes was in the process of being arrested, we do not consider them in assessing whether there is probable cause for the arrest. *See Stansbury*, 721 F.3d at 89.

officers reasonably suspected that the women they approached were reluctant to speak up because they were unsure that they were really police officers, or because of a language barrier." *Id.* However, we need not discern the motivations of the victim in denying the touching because, under the circumstances confronting the officers, neither the denial of touching by one alleged victim nor the absence of any victim statement was sufficient to undermine the probable cause established by the unrebutted aspects of the officers' observations of Keyes, including those related to multiple other women. The officers were permitted to rely on the "totality of the circumstances" in determining probable cause, rather than the potentially limited vantage point of a particular witness. As the Supreme Court recently noted, in describing the "totality of the circumstances" analysis for probable cause determinations, "the whole is often greater than the sum of its parts—especially when the parts are viewed in isolation." *Wesby*, 138 S. Ct. at 588.

Finally, we also find unavailing Keyes's focus on minor inconsistencies in the officers' deposition testimony—given more than two years after his arrest—to attempt to create a disputed material issue of fact. No reasonable juror could find that these alleged inconsistencies call into question the officers' core observations which supported their probable cause to arrest Keyes. *See Bernard*, 25 F.3d at 103 (rejecting plaintiff's argument that probable cause to arrest did not exist because of alleged factual inconsistencies); *see also Thorpe v. Duve*, No. 20-3679-cv, 2022 WL 332804, at *3 (2d Cir. Feb. 4, 2022) (summary order) ("Variations in one's testimony or with other witnesses' testimony do not mean that testimony is untrustworthy." (citing *Colon v. City of New York*, 60 N.Y.2d 78, 83 (1983))).

In sum, the district court did not err in concluding that summary judgment was warranted on the false arrest claim because, notwithstanding certain factual disputes, the remaining uncontroverted facts were sufficient to establish probable cause for his arrest.

## II.     Malicious Prosecution

Probable cause is also a complete defense to a Section 1983 claim for malicious prosecution. *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021). For purposes of malicious prosecution, probable cause is assessed in light of the facts known or reasonably believed by the officers at the initiation of the prosecution, not the arrest. *See Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004). However, if the officers had probable cause to arrest the plaintiff, a suspect, there can be no claim for malicious prosecution unless facts emerge following the arrest showing that the charges against the suspect are groundless. *See Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) ("In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact.").

The district court granted summary judgment on the malicious prosecution claim because "Keyes identifie[d] no evidence that would have established his innocence between the time of his arrest and the time of his prosecution." Special App'x at 9. On appeal, Keyes does not point to any evidence in the record to contradict the district court's conclusion nor does he even address this issue.[5] In short, because of the absence of any intervening facts between Keyes's arrest and his prosecution that dissipated the existing probable cause, summary judgment on the malicious prosecution claim was properly granted.

\*     \*     \*

---

[5]  Instead, Keyes contests only the district court's additional determination that the state court probable cause hearing established a presumption of probable cause that Keyes failed to rebut. However, because probable cause existed independent of any such presumption, we need not address this alternative ground relied upon by the district court.

8

We have considered Keyes's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court