People v Reed (2025 NY Slip Op 02514)

People v Reed

2025 NY Slip Op 02514

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

405 KA 23-01851

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BREANNA L. REED, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 8, 2023. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [1]). We reject defendant's contention that her right to present a defense was violated when County Court precluded defendant from testifying about an incident of domestic violence committed against her several years previously by her then boyfriend as a result of which he was prosecuted and convicted. A defendant's right to present a defense is not absolute (see People v Williams, 94 AD3d 1555, 1556-1557 [4th Dept 2012]). "[C]ourts . . . have the discretion to exclude evidence sought to be introduced by a defendant where such evidence is irrelevant or constitutes hearsay, and its probative value is 'outweighed by the dangers of speculation, confusion, and prejudice' . . . , or where such evidence is 'too slight, remote or conjectural to have any legitimate influence in determining the fact in issue' " (id. at 1556; see People v Roach, 147 AD3d 1423, 1425 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Martinez, 177 AD2d 600, 601 [2d Dept 1991], lv denied 79 NY2d 829 [1991]). Here, the court providently exercised its discretion in precluding the proffered testimony, as it was "too remote or speculative" to suggest that defendant did not act with the requisite intent (People v Johnson, 109 AD3d 1187, 1188 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]; see People v Ragland, 240 AD2d 598, 598 [2d Dept 1997], lv denied 91 NY2d 929 [1998]).
Contrary to defendant's further contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see People v Robinson, 193 AD3d 1393, 1394 [4th Dept 2021], lv denied 37 NY3d 968 [2021]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that defendant's sentence is unduly harsh and severe and should be reduced to time served. Finally, we have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court